**In re:  Anne W. NJUGUNA, Debtor.**

**No.  06–10353.**

United States Bankruptcy Court, D. New Hampshire.

Aug. 17, 2006.

Joseph M. Annutto, Esq., Law Office of Joseph M. Annutto, Concord, NH, for Debtor.

Lawrence P. Sumski, Amherst, NH, Chapter 13 Trustee.

### *MEMORANDUM OPINION*

MARK W. VAUGHN, Chief Judge.

This case concerns the Bankruptcy Abuse Prevention and Consumer Protection Act's (BAPCPA) treatment of 401k contributions and 401k loan payments in Chapter 13 plans.  The Chapter 13 Trus-

tee filed an objection to the confirmation of Anne W. Njuguna's (the "Debtor") plan on the ground that the plan does not commit "all of the debtor's projected disposable income" for payment to unsecured creditors, as required by section 1325(b)(1)(B).[1] Specifically, the Trustee argues that the amounts of the Debtor's monthly 401k contribution and 401k loan payment should be added to her "projected disposable income."

## JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## DISCUSSION

The Debtor's Form B22C reveals this to be a below-median case, as her "annualized current monthly income" on Line 15 is less than the "applicable median income" on Line 16. On her Schedule I, the Debtor lists, as monthly payroll deductions, a $256.58 401k contribution and a $179.94 401k loan payment, which lessen her monthly income. The Trustee argues that 401k contributions and 401k loan payments are not permitted in below-median cases. Section 541(b)(7) provides that 401k contributions "shall not constitute disposable income as defined in section 1325(b)(2)," and section 1322(f) provides that 401k loan payments "shall not constitute 'disposable income' under section 1325." The Trustee's arguments result from his reading of this Court's *Kibbe* opinion, which he interprets as holding that section 1325(b)(1)

applies exclusively to below-median debtors and section 1325(b)(2) applies exclusively to above-median debtors. *In re Kibbe*, 342 B.R. 411 (Bankr.D.N.H.2006). *Kibbe*, however, involved a below-median debtor whose income had increased just before she filed her bankruptcy petition. *Kibbe* did not involve an above-median debtor. Regardless, for purposes of today's decision, the Court need not consider any possible distinctions between above-median and below-median debtors.

### A. Section 541(b)(7)'s Treatment of 401k Contributions

■ The commencement of a bankruptcy case creates a bankruptcy estate. 11 U.S.C. § 541(a). The property comprising the estate is largely laid out in section 541(a)(1), which provides that the following becomes property of the estate: "Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case." Thus, property listed in section 541(b) does not become part of the bankruptcy estate. Section 541(b)(7) lists 401k contributions. Thus, 401k contributions are not property of the bankruptcy estate. Property that is not part of the bankruptcy estate is not subject to being considered for any part of a Chapter 13 plan. For purposes of the bankruptcy plan, it is as if the 401k contribution does not exist. "Congress has placed retirement contributions outside the purview of a Chapter 13 plan." *In re Johnson*, 346 B.R. 256, 263 (Bankr.S.D.Ga. 2006).

### B. Section 1322(f)'s Treatment of 401k Loan Payments

■ Section 1322(f) provides that 401k loan payments "shall not constitute 'dis-

---

1. All statutory section references herein are to the Bankruptcy Code, as amended, 11 U.S.C. § 101, *et seq.*

posable income' under section 1325." The Trustee argues that the quoted phrase "disposable income" is a reference to section 1325(b)(2). The Court rejects this argument. The plain language of section 1322(f) refers to section 1325 in its entirety. Consequently, 401k loan payments do not constitute disposable income for the Debtor, regardless of whether she is above-median or below-median.

### Conclusion

BAPCPA changed the way 401k contributions and loan payments are treated in Chapter 13. Congress sought to protect 401k contributions by excluding them from the bankruptcy estate and providing that neither 401k contributions nor 401k loan payments shall constitute disposable income. The Trustee's objection is denied. This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.